UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ZINA P. MUSGROVE** <br> 3709 Northampton Street, NW <br> Washington, DC 20015 | * <br> <br> * | |
| Plaintiff | * | Case No: _____ |
| vs. | * | |
| **THE BROOKINGS INSTITUTION** <br> 1775 Massachusetts Avenue, NW <br> Washington, DC 20036 <br> Jacqueline Basile, <br> Authorized Agent | * <br> <br> * <br> <br> * | COMPLAINT |
| and | * | |
| **TIAA-CREF** <br> 730 Third Avenue <br> New York, New York 10017 <br> Margaret M. Byrne, Esq., <br> Authorized Agent | * <br> <br> * <br> <br> * | |
| **ESTATE OF** <br> **PHILIP ANTHONY MUSGROVE** <br> *by and through its Executor,* <br> *John Musgrove* <br> 8010 Bromley Road <br> Houston, Texas 77055 | * <br> <br> * <br> <br> * <br> * | |
| Defendants | | |

This action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and for common law breach of written contract.

**Comes Now** Plaintiff, **Zina P. Musgrove**, former wife of Philip Anthony Musgrove, deceased, by and through her respective counsel, Charles N. Shafer, Esquire, files this Complaint and alleges:

## JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 and pendent and supplemental jurisdiction of the common law count. Venue under

1

ERISA § 502(e)(2) is proper in the district where a Defendant is found. Venue is proper in the District of Columbia because the Defendant, **The Brookings Institution**, may be "found" in this District, 1775 Massachusetts Avenue, NW, Washington, DC 20036. The Defendant, **TIAA-CREF**, is the plan vendor which provides the retirement annuity contracts used to fund **The Brookings Institution** Pension Plan.

## STANDING

2. The Plaintiff, **Zina P. Musgrove**, has standing to pursue this cause of action as the named beneficiary of the proceeds of the employee survivor benefit plan of Philip Anthony Musgrove, deceased.

## PARTIES

3. The Plaintiff, **Zina P. Musgrove**, was the named survivor beneficiary of the Decedent's survivor retirement benefits with the Defendant, **The Brookings Institution**.

4. The Plan Administrator of the deceased employee's pension benefit plan with **The Brookings Institution** is the Defendant, **TIAA-CREF**.

5. John Musgrove, is the Executor of the Estate of the Decedent, Philip Anthony Musgrove. The Defendants, **The Brookings Institution** and **TIAA-CREF** have determined that the Decedent's estate is entitled to the proceeds of the Decedent's survivor benefits.

## GENERAL ALLEGATIONS

6. The Decedent, Philip Anthony Musgrove, was employed by **The Brookings Institution** at various times from 1965 through 1976. During that period of time he participated in a retirement plan with **The Brookings Institution**. The majority of the Decedent's contributions to the retirement plan were made from 1965 to 1974 prior to the enactment of the Employee Retirement Income Security Act of 1974 (ERISA). All of the Decedent's contributions to the retirement plan were made ten (10) years prior to the enactment of the Retirement Equity Act (REA) of 1984.

7. The Decedent designated the Plaintiff as the survivor beneficiary of his employee pension benefit plan at the time he originally participated in the plan in 1965. The Plaintiff

continued to be the named and sole survivor beneficiary of the Decedent's employee pension benefit plan at all times from 1965 until his death in 2011.

8. The Plaintiff and the Decedent entered into a Memorandum of Agreement on May 14, 1988. In the Memorandum of Agreement the Plaintiff waived any right or claim she had to the proceeds of the Decedent's employment retirement plan. The Memorandum of Agreement was not incorporated, nor in any other manner approved by the Superior Court of the District of Columbia, in the Judgment of Absolute Divorce entered between the Plaintiff and the Decedent by that Court on November 1, 1988. The Memorandum of Agreement did not preclude the Decedent from naming the Plaintiff as the beneficiary of his survivor benefits.

9. Attached to this Complaint are Exhibits A-L involving correspondence between Plaintiff's counsel and the Defendants, **The Brookings Institution** and **TIAA-CREF**. These exhibits encompass the various and contradictory positions taken by the Defendants, **The Brookings Institution** and **TIAA-CREF**, regarding the Plaintiff's right to receive the proceeds of the Decedent's death benefits as his survivor beneficiary.

10. The Decedent, Philip Anthony Musgrove died in a boating accident on March 21, 2011 in Iguazu Falls, Argentina. Thereafter, the Defendant, **TIAA-CREF**, on behalf of **The Brookings Institution**, advised Plaintiff's counsel, by letter dated July 30, 2012, that she was the named survivor beneficiary of the Decedent's pension plan with **The Brookings Institution** and that she was entitled to receive one hundred (100%) percent of the proceeds of the Decedent's death benefits which, at that time, totaled $329,758.41. (See Exhibit A, attached hereto).

11. Shortly after the Defendant, **TIAA-CREF**, notified the Plaintiff that she was entitled to the entire proceeds of Decedent's pension benefits the Defendant sent a second letter to Plaintiff's counsel and stated that it had made a mistake in its original communication and stated that she was only entitled to fifty (50%) percent of the proceeds of the retirement death benefit. The reasoning furnished by the Defendant, **TIAA-CREF**, for the reduction of the benefit from one hundred (100%) percent to fifty (50%) was that the ERISA law, which was initially enacted in 1974, was

subsequently amended by the Retirement Equity Act (REA) in 1984. This written notification was given to Plaintiff's counsel by a letter from **TIAA-CREF** dated August 9, 2012. (See Exhibit B, attached hereto).

12. Thereafter, On August 23, 2012, Plaintiff's counsel sent a letter to Mr. Mark Gonya, c/o **TIAA-CREF**, 1670 Broadway, Suite 2200, Denver, Colorado 80202, requesting identification of the specific provisions and regulations upon which **TIAA-CREF** relied in support of its position that the REA law was applicable to pension benefits that were in full force and effect and fully funded prior to the enactment of the Retirement Equity Act in 1984. That letter also contained a request that certain information/documentation be provided to Plaintiff's counsel to support the revised position taken by **TIAA-CREF**. (See Plaintiff's Exhibit C, attached hereto).

13. On September 25, 2012, the Defendant, **TIAA-CREF**, by and through its Associate General Counsel, Margaret M. Byrne, Esquire, sent a letter to Plaintiff's counsel, Walter W. Johnson, Jr., Esquire, and stated that the prior communications from **TIAA-CREF** (July 30 and August 9, 2012), which indicated the Plaintiff was entitled to 100% of the proceeds of the survivor benefit and then 50% of the benefit, were both incorrect and that, as a result of an amendment to the plan which took place in mid-summer of 2009, Plaintiff was entitled to none of the proceeds of the survivor benefit. (See Exhibit D, attached hereto).

14. On November 5, 2012, Plaintiff's counsel wrote a letter to Marketta D. Lee, Assistant Director of HR, Benefits at the Defendant, **Brookings Institution**, Washington, DC headquarters and outlined the history of the communications with **TIAA-CREF** and further requested that the documentation pertaining to Mr. Musgrove's pension benefits which, as outlined in pages 2 and 3 of Plaintiff's counsel's letter to Mark J. Gonya dated August 23, 2012, be provided as a number of the inquiries made to **TIAA-CREF** were not answered in their communications to Plaintiff's counsel. Among other things, it was requested that the dates and amounts of all contributions Mr. Musgrove made to his retirement annuity contracts be provided. (See Exhibit E, page 2).

15. On December 17, 2012, **Brookings Institution**, through its director of human

resources, Jacqueline Basile wrote to Plaintiff's counsel and stated they were in agreement with the analysis reflected in **TIAA-CREF's** letter of September 25, 2012. The December 17, 2012 letter made no specific mention of the various documents Plaintiff's counsel had requested in prior communications. In effect, Defendants, **TIAA-CREF** and **The Brookings Institution**, have refused to furnish material information/documentation pertaining to Defendants contention that the Plaintiff is not entitled to the proceeds of the Decedent's survivor benefits. (See Exhibit F).

16. On February 4, 2013, counsel for the Plaintiff requested a review (appeal) of the denial of her claim. (See Exhibit G).

17. **The Brookings Institution**, through the director of human resources, Jacqueline Basile, notified Plaintiff's counsel by letter dated March 11, 2013 (See Exhibit H) that they would not provide any additional documentation and/or specifically respond to the request for information/ documents Plaintiff's counsel had requested in prior communications to the Defendants, **The Brookings Institution and TIAA-CREF**.

18. Plaintiff's counsel advised **The Brookings Institution**, by letter dated April 10, 2013, (See Exhibit I), that the documents and information requested had not been provided and no valid reason had been given for the refusal to provide the information/documentation requested. Plaintiff's counsel's letter of April 10, 2013 also pointed out that the Defendants had failed to comply with paragraph 5.09(B) of the plan as the Plan Administrator had failed to advise the Plaintiff of the notice of the denial of her claim within ninety (90) days of the date the original claim was filed. The claim was submitted by Plaintiff's counsel to the plan on March 15, 2012. The first notification that the Plaintiff's claim was being denied came from a letter sent to Plaintiff's counsel by Margaret W. Byrne, associate general counsel of **TIAA-CREF** dated September 25, 2012, more than six (6) months after the original claim was filed. (Exhibit D).

19. Subsequent communications between Plaintiff's counsel and representatives for the Defendants, **The Brookings Institution and TIAA-CREF**, are attached hereto. (See Exhibits J, K and L). These exhibits further amplify the refusal of the Defendants, **The Brookings Institution**

and **TIAA-CREF**, to provide documentation requested and/or to furnish information which may establish that the initial position taken by **TIAA-CREF**, which stated that the Plaintiff was entitled to one hundred percent (100%) of the proceeds of the Decedent's pension survivor benefit was, in fact, correct.

20. The Defendants, **The Brookings Institution** and **TIAA-CREF**, jointly now claim that the amendment to the plan in 2009 is retroactive and should be applied to the designation of the Plaintiff by the Decedent as the survivor beneficiary and that the Plaintiff is entitled to none of the proceeds of the survivor benefit. The Defendants, **The Brookings Institution** and **TIAA-CREF**, claim that the ERISA law, referred to above, is applicable to the contributions made by the Decedent prior to that law being enacted in 1974 but that the amendment to the law in 1984 (REA) was not applicable to the distribution of the survivor benefits. The Plaintiff believes, and therefore alleges, that the Defendant, **TIAA-CREF**, acting on behalf of the Defendant, **The Brookings Institution**, has negligently and erroneously made contradictory determinations that (1) the Plaintiff is entitled to 100% of the benefit, (2) 50% of the benefit and, finally, (3) none of the benefit.

21. The majority of the Decedent's contributions to the pension plan took place during a period of eight (8) years before the enactment of the ERISA law and more than forty (40) years prior to the amendment that was made to the plan in 2009 which the Defendants now rely upon to deny Plaintiff's claim to the survivor benefit. The Plaintiff believes, and therefore alleges, that the actions of the Defendants, **The Brookings Institution** and **TIA-CREF**, in modifying the plan was an effort to avoid the law as established in the case of " Kennedy v. Plan Administrator for Dupont Savings and Investment Plan, et al, 555 U.S 285, 129 S.Ct. 865, 172 L.Ed.2d 662 (Jan. 26, 2009)".

22. One of the benefits which the Defendant, **The Brookings Institution**, agreed to provide to Plaintiff was payment of the Defendant's employee survivor benefits to the Decedent's designated beneficiary as that term is defined by the plan documents and in accordance with the laws of the United States of America. **The Brookings Institutions'** efforts to deprive the Decedent's designated beneficiary of the proceeds of the survivor benefit, by an amendment to the plan in 2009,

is in conflict with the provisions of the plan. The plan specifically provides that no amendment to the plan can alter or take away any then accrued right of any participant insofar as plan contributions are concerned (See Article IX of the plan).

23. The Defendants, **The Brookings Institution** and **TIAA-CREF**, have breached their agreement with the Decedent which allowed him to name the designated survivor beneficiary of his pension survivor benefit. It is also believed, and therefore alleged, that the Defendants failed to provide the deceased participant with notice of amendment(s) to the plan with respect to his accrued right to continue to name the Plaintiff as his survivor beneficiary.

24. The Defendants, **The Brookings Institution** and **TIAA-CREF**, have taken the position that beneficiary of the proceeds of the Decedent's survivor benefit should be paid to the Decedent's estate which was probated in the Circuit Court for Montgomery County, Maryland (Estate No: W68552). The Executor of the Estate of the Decedent is his brother, John Musgrove, who resides at 8010 Bromley Road, Houston, Texas 77055. It is believed, and therefore alleged, that the proceeds of the Decedent's survivor benefit has not been disbursed to the estate at the time of the filing of this Complaint. However, as the Defendants have taken the position that the estate is the beneficiary of the survivor benefit Plaintiff requests that this Court enjoin and restrain the Defendants, **The Brookings Institution** and **TIAA-CREF**, from disbursing any funds in the Decedent's pension survivor benefit until such time as this Court has an opportunity to make a determination as to which person/persons are entitled to the Decedent's survivor benefit.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff having set forth her claim to the benefits of the Decedent's retirement plan, respectfully requests as follows:

1. That this Court enter a declaratory judgment pursuant to applicable Federal Statutes confirming that the Plaintiff, **Zina P. Musgrove**, is entitled to one hundred (100%) percent of the survivor benefits of the pension plan of former husband, the Decedent Philip Anthony Musgrove, with **The Brookings Institution**.

2. That this Court award the Plaintiff compensatory damages as a proximate result of the joint negligence of the Defendants, **The Brookings Institution** and **TIAA-CREF,** in an amount to be determined by the Court, along with costs, interest, and attorneys fees in this action together with prejudgment moratory interest and post judgment interest on the judgment at the legal rates..

3. This Court issue a Temporary Restraining Order, preliminary and permanent injunction restraining and enjoining the Defendants, **The Brookings Institution** and **TIAA-CREF,** from disbursing any of the survivor benefits of the pension plan of the Decedent until such time as this Court has an opportunity to fully determine this matter.

4. That this Court direct the Defendants, **The Brookings Institution** and **TIAA-CREF,** to provide the Plaintiff with all documentation/information in its possession relating to the Decedent's pension survivor benefits.

5. And for such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

By: _____
Charles Norman Shaffer, Esq.
Bar No. 76117
Post Office Box190
Damascus, MD 20872
   Telephone:  (240) 375-2986
   E-mail:  CNShaffer@comcast.net

*Attorney for Plaintiff*

Date:  November 15, 2013