**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
ZINA P. MUSGROVE,                             )
                                              )
                          Plaintiff,          )
                                              )
             v.                               )        Civil Action No. 13-1794 (ABJ)
                                              )
BROOKINGS INSTITUTION, *et al.*,              )
                                              )
                          Defendants.         )
_____ )


## <u>MEMORANDUM OPINION</u>

Plaintiff Zina P. Musgrove brought this lawsuit against the Brookings Institution, TIAA-CREF, and the Estate of Philip Anthony Musgrove ("the Estate") complaining that she was improperly denied survivor benefits from her former husband's pension plan.  Compl. [Dkt. #1]. Philip Anthony Musgrove ("the decedent") passed away in 2011 and he previously worked at the Brookings Institution.  *Id.* ¶¶ 6–7.  Plaintiff alleges that although she and the decedent divorced in 1988, *id.* ¶ 8, she is entitled to the full survivor benefit.  *Id.*, Relief Requested ¶ 1.  She also claims that TIAA-CREF and the Brookings Institution have violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to provide her with all of the documents and information she requested.  *Id.* ¶ 15.  And she argues that even if she is not a beneficiary of the plan, defendants should be estopped from denying her the survivor benefit because they previously informed her that she would receive it.  Resp. to Mot. for J. on Pleadings [Dkt. # 22] ("Pl.'s Resp.") ¶ 6; Mem. of P. & A. in Supp. of Pl.'s Resp. to Mot. for J. on Pleadings [Dkt. # 22] ("Pl.'s Resp.") at 5.

Defendants the Brookings Institution and TIAA-CREF have moved for judgment on the pleadings under Rule 12(c).  Because the Court finds that plaintiff is not a beneficiary of the plan, that she is not entitled to the documents that she seeks, and that she has not established a claim for equitable estoppel, the Court will grant defendants' motion and dismiss this case.

## BACKGROUND

### I.    Factual Background

The following facts are not in dispute.  Philip Anthony Musgrove, plaintiff's former husband, was employed by the Brookings Institution from 1965 through 1976.  Compl. ¶ 6; Mem. in Supp. of Defs.' Mot. for J. on the Pleadings ("Defs.' Mem.") [Dkt. # 19-1] at 4.  During that time, he was a participant in the Brookings Savings and Retirement Plan (the "Plan"), a defined contribution employee pension plan.  Compl. ¶ 6; Defs.' Mem. at 2, 4.  In 1965, the decedent designated plaintiff, his then-spouse, as his beneficiary.  Compl. ¶ 7; Defs.' Mem. at 4. After the decedent's employment with the Brookings Institution ended in 1976, the Brookings Institution ceased making contributions to the Plan on his behalf.  Defs.' Mem. at 4.

Plaintiff and the decedent divorced in 1988.  Compl. ¶ 8; Defs.' Mem at 5.  As part of their divorce proceedings, plaintiff and the decedent entered into a "Memorandum of Agreement" on May 14, 1988, in which plaintiff "waived any right or claim she had to the proceeds of the Decedent's employment retirement plan."  Compl. ¶ 8; *see also* Ex. 2, pt. F to Answer, Countercl. & Cross-cl. [Dkt. # 9-7] at PLAN_00342 (the agreement).  In 2009, the Plan was amended to provide that a participant's designation of a spouse as a beneficiary would become void if the spouses later divorced, but that the participant could re-designate the ex-

spouse as a beneficiary.[1]   Defs.' Mem. at 4; *see also* Compl. ¶ 13.   It is undisputed that the decedent never re-designated plaintiff as a beneficiary after the 2009 amendment took effect. *See* Defs.' Mem. at 5; Compl. ¶ 22–23.

Philip Anthony Musgrove died suddenly on March 21, 2011.  Compl. ¶ 10; Defs.' Mem. at 5.  On July 30, 2012, defendant TIAA-CREF informed plaintiff that she was the named beneficiary of the decedent's pension plan and that she was entitled to $329,758.41, or 100% of the survivor benefit.  Letter from Jason Salter, Beneficiary Relationship Team, TIAA-CREF, to plaintiff (July 30, 2012), Ex. A to Compl. [Dkt. # 1-5] at 1.  Then, on August 9, 2012, TIAA-CREF sent a second letter to plaintiff stating that she was entitled to only 50% of the benefit under the Retirement Equities Act of 1984 ("REA").  Letter from Mark J. Gonya, Customer Resolution Manager, TIAA-CREF, to Walter W. Johnson, Jr., Pl.'s Counsel (Aug. 9, 2012), Ex. B to Compl. [Dkt. # 1-6] at 1.  Plaintiff, through counsel, sent a letter to TIAA-CREF on August 23, 2012, seeking further information about the change in the amount she was entitled to receive, and requesting ten categories of documents and information "pertaining to Mr. Musgrove's TIAA-CREF retirement annuity contracts."  Letter from Walter W. Johnson, Jr., Pl.'s Counsel, to Mark J. Gonya, Customer Resolution Manager, TIAA-CREF (Aug. 23, 2012), Ex. C to Compl. [Dkt. # 1-7] at 2–3.

---

1      The amendment states:

> If the Participant designates a Spouse Beneficiary and the individual later ceases to be a Spouse, such designation of the individual who becomes an ex-Spouse (other than by death) will be deemed void and the ex-Spouse shall have no rights as a Beneficiary unless redesignated as a Beneficiary by the Participant subsequent to becoming an ex-Spouse.

Brookings Savings and Retirement Plan Document ("Plan Document"), Ex. 1 to Answer, Countercl., & Cross-cl. [Dkt. 9-1] § 5.03(A), PLAN_00034.

On September 25, 2012, TIAA-CREF's Associate General Counsel, Margaret M. Byrne, informed plaintiff that she was not entitled to the decedent's benefit because the decedent did not re-designate her as a beneficiary after the 2009 amendment to the Plan. Letter from Margaret M. Byrne, Assoc. Gen. Counsel, TIAA-CREF, to Walter W. Johnson, Jr., Pl.'s Counsel (Sept. 25, 2012), Ex. D to Compl. [Dkt. # 1-8] at 1–2. Byrne further explained that TIAA-CREF had determined that the REA did not apply to the decedent's plan. *Id.* at 2–3. Byrne also provided some, but not all, of the documents and information plaintiff requested. *See id.* at 2. Finally, Byrne informed plaintiff that she could appeal TIAA-CREF's determination. *Id.* at 3.

Plaintiff appealed TIAA-CREF's decision to the Brookings Institution on November 5, 2012, and reiterated her request for information and documents. Letter from Walter W. Johnson, Jr., Pl.'s Counsel, to Marketta D. Lee, Assistant Dir. of Human Res., Brookings Inst. (Nov. 5, 2012), Ex. E to Compl. [Dkt. # 1-9] at 1–2. Plaintiff also reiterated the request for information and documents in a second letter to the Brookings Institution on April 10, 2013. Letter from Walter W. Johnson, Jr., Pl.'s Counsel, to Jacqueline Basile, Dir. of Human Res., Brookings Inst. (Apr. 10, 2013), Ex. I to Compl. [Dkt. # 1-13]. On April 24, 2013, Margaret M. Byrne from TIAA-CREF responded to plaintiff's April 10, 2013 letter to the Brookings Institution, stating that plaintiff had received all of the documents to which she was entitled. Letter from Margaret M. Byrne, Assoc. Gen. Counsel, TIAA-CREF, to Walter W. Johnson, Jr., Pl.'s Counsel (Apr. 24, 2013), Ex. J to Compl. [Dkt. # 1-14] at 3–4.

On December 17, 2012, Jacqueline Basile, Director of Human Resources for the Brookings Institution, responded to plaintiff "on behalf of the Plan Administrator" with a denial of plaintiff's claim for benefits. Letter from Jacqueline Basile, Dir. of Human Res., Brookings Inst., to Walter W. Johnson, Jr., Pl.'s Counsel (Dec. 17, 2012), Ex. F to Compl. [Dkt. # 1-10] at

1.  She stated that the Plan Administrator was "in agreement with the analysis reflected in TIAA-CREF's letter of September 25, 2012," and she outlined the appeal procedure available to plaintiff.  *Id*. at 1–2.  Plaintiff appealed the denial, Letter from Walter W. Johnson, Jr., Pl.'s Counsel, to Marketta D. Lee & Jacqueline Basile, Brookings Inst. (Feb. 4, 2013), Ex. G to Compl. [Dkt. # 1-11], and on June 27, 2013, Ms. Basile notified her, on behalf of "the Brookings ERISA Committee, as Plan Administrator of the Brookings Savings and Retirement Plan," that the denial had been upheld.  Letter from Jacqueline Basile, Dir. of Human Res., Brookings Inst., to Walter W. Johnson, Jr., Pl.'s Counsel (June 27, 2013), Ex. L to Compl. [Dkt. # 1-16] at 1–2.[2]

## II.   Procedural Background

On November 15, 2013, plaintiff filed suit in this Court.  Compl.  Plaintiff alleges that defendants TIAA-CREF and the Brookings Institution have wrongfully denied her the survivor benefit to which she is entitled.[3]  Compl. ¶ 20.  Plaintiff seeks a declaratory judgment that she is entitled to the full benefit from the decedent's pension plan, as well as compensatory damages against the Brookings Institution and TIAA-CREF, attorneys' fees and costs, "a Temporary Restraining Order, preliminary and permanent injunction" preventing the Brookings Institution

---

2       Plaintiff contends that the Memorandum of Agreement that she and the decedent signed in connection with their divorce is not material to this case because it was not incorporated into the "Judgment of Absolute Divorce" or otherwise ratified by the presiding judge, and because it "did not preclude the Decedent from naming the Plaintiff as the beneficiary of his survivor benefits."  Compl. ¶ 8; *see also* Pl.'s Resp. at 6.  Defendant asserts that its denial of benefits to plaintiff was not based on this waiver, but rather on "the unambiguous Plan language."  Reply Mem. of P. & A. in Supp. of Defs.' Mot. for J. on Pleadings [Dkt. # 23] at 7 n.6.  As the Court finds that the decision to deny plaintiff benefits was reasonable and justified by the language of the Plan, it need not address what impact, if any, the Memorandum of Agreement might have on this case.

3       The complaint contains no express allegations against the third defendant, the Estate.

and TIAA-CREF from disbursing the plan benefit until the Court has ruled,[4] and an order

requiring the Brookings Institution and TIAA-CREF to provide plaintiff with "all

documentation/information in its possession relating to the Decedent's pension survivor

benefits."[5] *Id*., Relief Requested ¶¶ 1–4.

On February 28, 2014, defendants the Brookings Institution and TIAA-CREF filed an

answer to the complaint, and TIAA-CREF filed a counterclaim against plaintiff and a cross-

claim against the Estate.  Answer, Countercl., & Cross-cl. [Dkt. # 9].[6]  In addition, TIAA-CREF

filed the cross-claim against Rosa A. Musgrove, the decedent's widow, joining her as a

defendant in this case pursuant to Federal Rules of Civil Procedure 13, 19 and 22.  *Id.* at 15, ¶¶

27–28.  In the cross-claim and counterclaim, TIAA-CREF seeks:  an order declaring that plaintiff

is not entitled to any of the decedent's plan benefits; an order declaring that Rosa Musgrove and

the Estate are each entitled to a 50% distribution of the benefits, or otherwise distributing the

benefits; an order restraining the "claimants" – plaintiff, the Estate, and Rosa Musgrove – "from

commencing, prosecuting, or instituting any action or proceeding against [TIAA-CREF] for the

recovery of benefits"; an order requiring the claimants "to interplead jointly concerning their

respective claims to the Plan account balance"; an order discharging TIAA-CREF of further

liability once the plan benefits have been paid out; an order discharging TIAA-CREF, the

---

4    To the extent that plaintiff intended to move for a temporary restraining order or
preliminary injunction, she has failed to comply with any of the Federal or Local Rules that
govern such motions.

5    The complaint also contains a breach of contract allegation against defendants the
Brookings Institution and TIAA-CREF, Compl. ¶ 23, but plaintiff concedes in her response to
defendants' motion that ERISA supersedes this claim.  Pl.'s Resp. at 15.

6    On April 15, 2014, defendants the Brookings Institution and TIAA-CREF filed a
corrected version of the answer, counterclaim and cross-claim, remedying an error in the caption.
Corrected Answer, Countercl. & Cross-cl. [Dkt. # 15].

Brookings Institution, the Plan, and the Plan Administrator from further liability arising out of the decedent's death; and an award of attorneys' fees and costs for TIAA-CREF, the Brookings Institution, the Plan, and the Plan Administrator. *Id.*, Request for Relief ¶¶ 34(a)–(h).

Defendant the Estate of Philip Anthony Musgrove, through its executor, John Musgrove, answered the complaint on March 13, 2014. Answer to Compl. by John Musgrove, Executor for the Estate [Dkt. # 11]. Plaintiff answered the counterclaim on March 31, 2014. Answer to Countercl. [Dkt. # 12] ("Pl.'s Answer"). The Estate and Rosa A. Musgrove jointly answered the cross-claim on May 12, 2014. Answer of Rosa A. Musgrove & the Estate to Cross-cl. [Dkt. # 18]. In response to TIAA-CREF's "request for relief," Rosa Musgrove and the Estate "admit[ted]" that they were each entitled to 50% of the decedent's Plan benefit and that TIAA-CREF was entitled to judgment against plaintiff. *Id.* ¶ 34. They denied, however, that TIAA-CREF was entitled to the other relief it requested, including the award of attorneys' fees and costs. *Id.*

On June 4, 2014, defendants the Brookings Institution and TIAA-CREF moved for judgment on the pleadings. Defs.' Mot. for J. on Pleadings [Dkt. # 19] ("Defs.' Mot.").[7] They argue that plaintiff lacks standing to pursue this action, that the Plan Administrator reasonably denied her claim for benefits, and that she is not entitled to receive further documents or information. Defs.' Mem. at 2.[8] The motion seeks attorneys' fees and costs under ERISA

---

7    Rosa A. Musgrove and the Estate filed a response in support of the motion for judgment on the pleadings on June 17, 2014. Rosa A. Musgrove & the Estate's Resp. in Supp. of Defs.' Mot. [Dkt. # 20].

8    Defendants the Brookings Institution and TIAA-CREF also contend that they are not proper parties to this action because neither one is the Plan or the Plan Administrator. Defs.' Mem. at 20–21. According to defendants, the Brookings Institution is the sponsor of the plan and TIAA-CREF is the plan vendor. *Id.* Because the Court will grant defendants' motion on other grounds, however, it need not address this issue.

section 502(g), 29 U.S.C. § 1132(g), but does not request the other relief enumerated in the counterclaim and cross-claim.  *See* Defs.' Mot. at 2.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  In other words, "[i]f there are allegations in the complaint which, if proved, would provide a basis for recovery, the Court cannot grant judgment on the pleadings." *Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008) (citation and internal quotation marks omitted).

"The standard of review for such a motion is essentially the same as the standard for a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Longwood*, 157 F. Supp. 2d at 66–67.  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* In evaluating a motion for judgment on the pleadings under Rule 12(c), the court may consider facts alleged in the complaint as well as documents attached to or incorporated by reference in the complaint. *Qi v. FDIC*, 755 F. Supp. 2d 195, 199–200 (D.D.C. 2010).

## ANALYSIS

The Court will grant the motion for judgment on the pleadings because "it is clear that no relief could be granted" to plaintiff "under any set of facts that could be proved consistent with the allegations." *Longwood Vill. Rest.*, 157 F. Supp. 2d at 66. The Court finds that the Plan Administrator reasonably concluded that plaintiff was not a valid beneficiary of the decedent's pension plan based on the plain and controlling terms of the Plan Document. And because plaintiff is not a beneficiary, she is also not entitled to the additional documents and information she seeks. The Court also finds that plaintiff has failed to state a claim for equitable estoppel. The Court will not, however, grant defendants' request for attorneys' fees and costs.

**I.     The Plan Administrator reasonably concluded that plaintiff is not a beneficiary of the Plan.**

ERISA provides that a participant in, or beneficiary of, a covered plan may sue "to recover benefits due to him under the terms of [the] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that courts should apply a *de novo* standard – instead of the more deferential arbitrary and capricious standard – to a benefits determination under ERISA "unless the plan provides to the contrary." *Metro. Life Ins. Co., v. Glenn*, 554 U.S.

105, 111 (2008), citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). A plan "provides to the contrary" when it grants its "'administrator or fiduciary discretionary authority to determine eligibility for benefits.'" *Id.*, quoting *Firestone*, 489 U.S. at 115. Under those circumstances, "[t]rust principles make a deferential standard of review appropriate." *Firestone*, 489 U.S. at 111; *cf. Fitts v. Fed. Nat'l Mortgage Ass'n*, 236 F.3d 1, 5 (D.C. Cir. 2001) (deciding when the *Firestone* exception applies).

Here, the Plan vests the Plan Administrator with significant discretionary authority, and so the deferential standard of review applies. *See Glenn*, 554 U.S. at 111, citing *Firestone*, 489 U.S. at 115. The Plan Document provides that the Plan Administrator is empowered "[t]o determine all questions of interpretation or policy in a manner consistent with the Plan's documents." Plan Document, Ex. 1 to Answer, Countercl. & Cross-cl. [Dkt. # 9-1] § 7.03(C)(1), PLAN_0043. It also provides that "[t]he Plan Administrator's construction or determination in good faith shall be conclusive and binding on all persons." *Id.* Moreover, the parties do not dispute that the deferential standard applies here. *See* Defs.' Mem. at 13; Pl.'s Resp. at 8.

Once the determination has been made that the deferential standard applies, the "essential inquiry" is whether the administrator "reasonably construe[d] and appl[ied]" the plan. *Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1454 (D.C. Cir. 1992). The administrator's decision should therefore not be overturned if it is the result of a "deliberate, principled, reasonable process and if it is supported by substantial evidence, meaning it must be "'more than a scintilla but less than preponderance.'" *Buford v. UNUM Life Ins. Co. of Am.*, 290 F. Supp. 2d 92, 100 (D.D.C. 2003), quoting *Leonard v. Sw. Bell Corp. Disability Income Plan*, 341 F.3d 696, 701 (8th Cir. 2003); *see also Mobley v. Cont'l Cas. Co.*, 405 F. Supp. 2d 42, 48 (D.D.C. 2005) ("[A] deferential standard of review allows the plan administrator to reach a conclusion that may technically be

incorrect so long as it is reasonably supported by the administrative record."). The Court's review of a benefits determination "may only be based on the record available to the administrator or fiduciary at the time the decision was made." *Crummett v. Metro. Life Ins. Co.*, No. 06-01450, 2007 WL 2071704, at *3 (D.D.C. July 16, 2007).

Applying the deferential standard of review, the Court finds that the Plan Administrator's determination that plaintiff was not entitled to survivor benefits under her former husband's plans was reasonable.

First, the plain language of the 2009 amendment to the Plan excludes plaintiff. The 2009 amendment provides:

> If the Participant designates a Spouse Beneficiary and the individual later ceases to be a Spouse, such designation of the individual who becomes an ex-Spouse (other than by death) will be deemed void and the ex-Spouse shall have no rights as a Beneficiary unless redesignated as a Beneficiary by the Participant subsequent to becoming an ex-Spouse.

Plan Document, Ex. 1 to Answer, Countercl. & Cross-cl. § 5.03(A), PLAN_00034. Plaintiff and the decedent divorced in 1988, well before the 2009 amendment took effect, but the decedent passed away in 2011, after the plan was amended. *See* Compl. ¶¶ 7–8; Defs.' Mem at 5. It is undisputed that the decedent never re-designated plaintiff as his beneficiary. Defs.' Mem. at 5; Pl.'s Resp. at 10–11.

Second, plaintiff herself has provided ample evidence that the Plan Administrator's decision was the result of a "deliberate, principled, reasonable process" and "supported by substantial evidence," *see Buford*, 290 F. Supp. 2d at 100, notwithstanding the initial errors made by TIAA-CREF. *See* Letter from Margaret M. Byrne, Assoc. Gen. Counsel, TIAA-CREF, to Walter W. Johnson, Jr., Pl.'s Counsel (Sept. 25, 2012), Ex. D to Compl. at 2–3 (summarizing analysis of "the law governing retirement plan provisions" and its application to plaintiff's

claims); Letter from Jacqueline Basile, Dir. of Human Res., Brookings Inst., to Walter W. Johnson, Jr., Pl.'s Counsel (Dec. 17, 2012), Ex. F to Compl. at 1 (adopting "the analysis reflected in TIAA-CREF's letter of September 25, 2012"); Letter from Jacqueline Basile, Dir. of Human Res., Brookings Inst., on behalf of the Brookings ERISA Committee, to Walter W. Johnson, Jr., Pl.'s Counsel (June 27, 2013) at 1 (describing the hearing held by the Brookings ERISA Committee on plaintiff's claim and the Committee's "full and fair review of [plaintiff's] claim, including all correspondence between [plaintiff], the Plan and TIAA-CREF"). Plaintiff has not challenged the deliberative process reflected in this correspondence, and the Court finds that the letters indicate that the Plan Administrator's determination that plaintiff was not a beneficiary was reasonable.

Plaintiff challenges the application of the 2009 amendment in this case on three grounds. First, she argues that the 2009 amendment does not apply to the decedent's plan. Pl.'s Resp. at 2–4. Second, she contends that the amendment retroactively eliminated an "accrued benefit" under the Plan in violation of both ERISA and the Plan itself. *Id.* at 8–10. And, third, she claims that the decedent never received proper notice of the amendment. *Id.* at 7; Compl. ¶ 23.

Plaintiff contends that "the 2009 amendment to the decedent's plan has no retroactive effect . . . with respect to plan contributions that were commenced almost fifty (50) years ago prior to the enactment of ERISA in 1974, and terminated shortly after ERISA became the law governing pension plans." Pl.'s Resp. at 2–3. Plaintiff cites no authority in support of this assertion other than the fact that the Retirement Equity Act of 1984 ("REA"), which amended ERISA, does not apply retroactively. *Id.* at 3. The non-retroactivity of the REA, however, is a *non sequitur*; the REA amended the ERISA statute, a federal law, while the 2009 amendment only amended the Brookings Institution's pension plan. The fact is that "[e]mployers or other

plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans," *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995), and plaintiff has pointed to no reason why the 2009 amendment should not govern a cause of action that arose after the decedent's death in 2011.

Recognizing that an employer or plan administrator has the right to amend a plan governed by ERISA, Pl.'s Resp. at 8, plaintiff next argues that the amendment violated ERISA because it decreased "[a] 'primary benefit' provided to the decedent by the Plan," namely, "his right to select a beneficiary of the survivor benefit." *Id.* at 9. It is true that, under ERISA, "[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan." 29 U.S.C. § 1054(g)(1); *see also* Plan Document, Ex. 1 to Answer, Countercl. & Cross-cl. § 7.06(B), PLAN_00044 ("No amendment to the Plan shall be effective to the extent that it has the effect of decreasing a Participant's accumulated benefit."). But for a retirement plan involving individual accounts, such as the Plan here, ERISA defines "accrued benefit" to mean "the balance of the individual's account." 29 U.S.C. § 1002(23)(B). Similarly, the relevant regulations state that, "[i]n the case of a defined contribution plan" like this one, the term "accrued benefit" means "the balance of the employee's account held under the plan." 26 C.F.R. § 1.411(a)-7(a)(2). And the Plan Document defines the term "participant's benefit" to mean the balance of "the Participant's Individual Account." Plan Document, Ex. 1 to Answer, Countercl., & Cross-cl. at PLAN_00015.

The 2009 amendment had no impact on the balance of the decedent's account, and so it did not retroactively affect an "accrued benefit," as plaintiff claims. Moreover, even if the Court were to construe the right to select the beneficiary of a survivor benefit as an "accrued benefit" in this case, the 2009 amendment did not decrease or eliminate this right: the decedent was free at

any time after the amendment to re-designate plaintiff as his beneficiary.  As plaintiff herself concedes, "[t]here is no evidence before this Court which would indicate the decedent was in any manner prevented or unable to change the beneficiary of his survivor beneficiary [sic] if he wished to do so."  Pl.'s Resp. at 11.

Finally, plaintiff also contends that the 2009 amendment should not apply here because, she claims, the decedent never received proper notice of the amendment.  Pl.'s Resp. at 3–4.  But plaintiff does not allege a single fact that would support this wholly speculative allegation, and so it deserves little credence.  *See Twombly*, 550 U.S. at 555.  Moreover, any right to receive notice of the plan amendment belonged to the decedent, not plaintiff, and so it is not clear that plaintiff has standing to raise this issue in the first place.

In sum, the Court finds that the Plan Administrator reasonably concluded that plaintiff was not a beneficiary under the decedent's pension plan.  Furthermore, because plaintiff is not a plan participant or a beneficiary, she has no statutory right to pursue her claims under section 1132(a)(1)(B) of ERISA.  Therefore, the defendants' motion will be granted.

## II.     Plaintiff is not entitled to the documents she seeks.

In addition to challenging the denial of benefits, plaintiff alleges that defendants have wrongfully "refused to furnish material information/documentation pertaining to Defendants['] contention that the Plaintiff is not entitled to the proceeds of the Decedent's survivor benefits." Compl. ¶ 15.  ERISA provides that a plan administrator must, "upon written request of *any participant or beneficiary*, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4)

(emphasis added).  But the Court has already determined that plaintiff is not a beneficiary of the Plan, and she is plainly not a participant, so this provision does not apply to her.

Plaintiff is still entitled to some documents under ERISA, however.  Plan administrators are required to provide any claimant, "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(h)(2)(iii).  For purposes of this provision, information is relevant if it "[w]as relied upon in making the benefit determination" or "[w]as submitted, considered, or generated in the course of making the benefit determination."  *Id*. § 2560.503-1(m)(8)(i)–(ii).

Plaintiff requested ten categories of information and documentation from defendants:

1.  The date(s) Mr. Musgrove initially entered into any type of an agreement(s) with TIAA-CREF concerning a retirement annuity along with copies of all contracts or other documents relating thereto and all amendments to any such documents . . . [including] any and all documents relating to Mr. Musgrove's Designation of Beneficiary for any pension annuity benefits.

2.  Copies of the TIAA-CREF plan document(s), and all amendments thereto, for the period from the date Mr. Musgrove initially contracted for retirement of [sic] benefits with TIAA-CREF until the present date.

3.  The dates and amounts of all contributions Mr. Musgrove made to acquire his interest in any of the retirement annuity that his beneficiary was entitled to receive at the time of his death.

4.  [C]opies of any contracts Mr. Musgrove executed with TIAA-CREF at any time.

5.  [C]opies of any and all monthly, quarterly, semi-annually [sic], or annual statements that were furnished to Mr. Musgrove with regard to any of the accounts he maintained with TIAA-CREF.

6.  [A]ll documentation relating to other TIAA-CREF associated accounts that Mr. Musgrove had with that organization.

7. Copies of any correspondence or other type communication [sic] with Mr. Musgrove's widow . . . and/or Mr. John Musgrove . . . relating to any of Philip Musgrove's pension or other type [sic] annuity benefits.

8. Copies of any written legal opinions/summaries prepared by TIAA-CREF's legal counsel (either in house or by outside counsel) which supports TIAA-CREF's original determination that the designated beneficiary Mrs. Zina Musgrove, was entitled to all of Philip Musgrove's pension annuity along with any written opinion/summaries that stated she was only entitled to fifty percent (50%) of the benefits.

9. The most recent statement/accounting of the pension benefit annuity(ies) and value thereof in Philip Musgrove's name.

10. Any other documentation . . . explaining TIAA-CREF's determination that its' [sic] original determination that Mrs. Zina Musgrove was entitled to one hundred percent (100%) of the pension annuities was modified to reduce her entitlement from one hundred percent (100%) of the benefits to fifty percent (50%) of the benefits.

Letter from Walter W. Johnson, Jr., Pl.'s Counsel, to Mark Gonya, Customer Resolution Manager, TIAA-CREF (Aug. 23, 2012) at 2–3.

Defendants contend that plaintiff has received all of the documents to which she is entitled as a claimant who is not a beneficiary or participant in the Plan.  Defs.' Mem. at 24. According to TIAA-CREF, plaintiff received a response to the requests numbered 1, 2, 4, 9, and 10.  Letter from Margaret M. Byrne, Assoc. Gen. Counsel, TIAA-CREF, to Walter W. Johnson, Jr., Pl.'s Counsel (Apr. 24, 2013) at 3–4.  TIAA-CREF further stated that there were no documents responsive to request number 8, and it declined to respond to the remainder of the requests without authorization from the Estate.  *Id.* at 3.  The Brookings Institution's Human Resources Director, Jacqueline Basile, also informed plaintiff that, "[o]ther than the fact of [the decedent's] death" and the divorce order between plaintiff and the decedent, "no other material was submitted, considered or generated in the course of making the benefit determination."

Letter from Jacqueline Basile, Dir. of Human Res., Brookings Inst., to Walter W. Johnson, Jr., Pl.'s Counsel (March 11, 2013), Ex. H to Compl. [Dkt. # 1-12] at 1.

Plaintiff does not contest defendants' assertion that she has received all of the documentation and information that was relied on or "submitted, considered, or generated in the course of making the benefit determination." *See* 29 C.F.R. § 2560.503-1(m)(8)(i)–(ii); *see also* Pl.'s Resp. at 14.  Rather, she explains that she seeks further documentation in order "to ascertain what, if any, notification was provided to the decedent that an amendment had been made to the Plan."  Pl.'s Resp. at 14.  But plaintiff is not entitled to information relating to notice to the decedent unless it relates to the benefits determination, and she does not allege that it does.  *See id.*  Plaintiff also claims that the documents she seeks will shed light on her status as a beneficiary, *id.*, but the Court has already determined that she is not a beneficiary.  Therefore, plaintiff's request for further documents and information will be denied.

## III. Defendants are not estopped from denying plaintiff's claim for benefits.

Finally, plaintiff has failed to state a claim for equitable estoppel.  Although the estoppel claim does not appear in the complaint, in subsequent filings, plaintiff contends that defendants Brookings and TIAA-CREF "are estopped by their written statements (on two (2) separate occasions), in which they confirm that the Plaintiff was the named beneficiary and, further, was entitled to the decedent's survivor benefits under the decedent's pension plan."  Pl.'s Resp. at 5; *see also* Pl.'s Answer ¶ 19.  Plaintiff expressly declines, however, to cite any authority to support this claim, stating:

> The Plaintiff will not attempt in this response to cite numerous cases which address the subject matter of 'Estoppel.'  Suffice it to say that Defendants' actions (written correspondence) in this matter form a basis for this Court to invoke the Estoppel doctrine . . . .

Pl.'s Resp. at 12.

Plaintiff's conclusory arguments, however, do not suffice.  Most significantly, plaintiff has failed to allege that she relied to her detriment on the initial letters she received and that she has suffered prejudice as a result.  *See Holt v. Winpisinger*, 811 F.2d 1532, 1541 n.68 (D.C. Cir. 1987), citing *In re Burrough*, 475 F.3d 370, 373 (D.C. Cir. 1973) (discussing "the settled principle that estoppel requires prejudice wrought by detrimental reliance").  Therefore, plaintiff's equitable estoppel claim will be dismissed.

## IV.    The request for attorneys' fees will be denied.

In their motion for judgment on the pleadings, the Brookings Institution and TIAA-CREF seek attorneys' fees and costs from plaintiff pursuant to ERISA section 502(g), 29 U.S.C. § 1132(g).  Defs.' Mot. at 2.  That provision states, in relevant part, that "[i]n any action under this subchapter . . . by a *participant, beneficiary, or fiduciary*, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1). But the Court has determined that plaintiff is not a beneficiary under the Plan, and she is also not a participant or fiduciary.  Therefore, this provision does not appear to apply to her case. Moreover, even if it did apply, the Court would decline to award costs and fees to defendants in an exercise of its discretion.

## CONCLUSION

For the reasons stated above, the Court will grant defendants' motion for judgment on the pleadings and deny defendants' request for attorneys' fees and costs.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  January 30, 2015

18